Dear Mr. Stephens:
We are in receipt of your request for an Attorney General's Opinion concerning transporting physician emergency certificate (PEC) patients. Specifically, you ask the following questions:
 1. Does the patient's place of residence determine which law enforcement agency transports the patient?
 2. Is the Vernon Parish Sheriff's Department or the Leesville City police Department responsible for transporting the patient?
 3. Is the Leesville City Police Department responsible for picking up the patient at the hospital and transporting to Vernon Parish Sheriff's Department?
 4. If the law enforcement agencies refused to transport the patient, and the local ambulance company transported the patient, which agency is responsible for paying the bill to the ambulance company?
The patient's place of residence is of little consequence in determining which law enforcement agency transports a patient under a physician emergency certificate as long as the PEC is properly executed. As stated in Atty. Gen. Op. No. 89-583, "the civil powers of the sheriff may be exercised [in] only the parish in which he or she was elected," therefore, "it [the PEC] is a civil order that only the sheriff has jurisdiction to execute." If the PEC is executed properly by the sheriff of the parish in which the patient is located at the time of execution, the patient's place of residence is irrelevant. However, the patient's place of residence is imperative in determining which parish is to reimburse an agency or ambulance company for the cost of transport in an inter-parish transport. This issue is addressed more fully in the response to your last question below.
In answering your second and third questions, as stated in previous Attorney General Opinions, it is the responsibility of the sheriffs' department to transport patients under a physician emergency certificate. We direct you to Attorney General Opinion No. 98-181. That opinion in quoting Opinion Nos. 96-362, 80-1083, and 83-346 states in pertinent part:
 This office has stated not only that the emergency certificate is legal authority for the sheriff to transport a patient to a treatment facility but that the sheriff's department is required to transport these patients under legal authority granted in R.S. 28:53 (F).
Your last question concerns the payment of a bill from the ambulance company for the transport of the patient. It is important to note that under LA R.S. 28:142 the "patient or his legally responsible relations" are responsible for the costs of transfer. In the event that the patient or his legally responsible relations are unable to pay, LA R.S.28:142, enumerates the responsible paying parties. LA R.S. 28:142, states in part:
 If financially able, the patient or his legally responsible relations shall pay all costs incident to transporting the patient to the mental hospital; otherwise the department [Department of Health and Human Resources], the case of a nonresident, or the parish in which the hearing was held, in the case of a resident, shall pay these costs. If a patient's domicile is in a parish other than that in which the hearing was held, the former parish shall reimburse the latter for these costs.
Echoing the language of LA R.S. 28:142, Attorney General Opinion No. 96-362, states:
 That while the sheriff's department must transport mentally ill patients, they are not required to pay for the service and should be reimbursed. In Atty. Gen. Op. No. 83-346 it was observed that the sheriff would be reimbursed by the police jury, but further stated that the amount of remuneration depends upon on the nature of the fees and where the patient resides, noting that the parish may seek reimbursement from the parish where the patient resides.
Opinion No. 96-362 continues and states that if another state agency has requested the transfer, that agency is responsible for the cost of transfer as covered by LA R.S. 28:145 and should reimburse the sheriff's department accordingly.
In summation, the Vernon Parish Sheriff's Department is responsible for the transfer of a patient residing in Vernon Parish who is under a physician emergency certificate where the patient or his legally responsible relations are not financially able. Costs of transporting the patient are to be reimbursed by the Vernon Parish Police Jury where the patient is a resident. In the case of a nonresident, the costs are to be paid by the Department of Health and Human resources. In the event that another state agency has requested the transfer or the patient resides in another parish, the Vernon Parish Police Jury may seek remuneration from that agency or that parish respectfully.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ANDREW D. BENTON Assistant Attorney General